# CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC - 6 2018

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

1:18-cv-4993-SCJ-RGV

Bill Williams, GDC #1259970
(Enter above the full name and prisoner
identification number of the plaintiff, GDC
number if a state prisoner.)

-vs-

Gregg Dozier
Fredrick Head; Neil Warren
George Zoley; Mike Boyce
(Enter above the full name of the defendant(s).)

PLAINTIFF'S AMENDED COMPLAINT

**I.   Previous Lawsuits**

    A.   Have you filed other lawsuits in federal court while incarcerated in any institution?

        Yes ( )    No (✓)

    B.   If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

        1.   Parties to this previous lawsuit:

            Plaintiff(s): _____

            Defendant(s): _____

        2.   Court (name the district): _____

        3.   Docket Number: _____

Rev 12/5/07

I. **Previous Lawsuits (Cont'd)**

    4. Name of judge to whom case was assigned: _____

    5. Did the previous case involve the same facts?

        Yes ( )    No ( )

    6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?):
    _____
    _____

    7. Approximate date of filing lawsuit: _____

    8. Approximate date of disposition: _____

II. **Exhaustion of Administrative Remedies**
Pursuant to 28 U.S.C. § 1997e(a), no prisoner civil rights action shall be brought in federal court until all available administrative remedies are exhausted. Exhaustion of administrative remedies is a precondition to suit, and the prisoner plaintiff must establish that he has exhausted the entire institutional grievance procedure in order to state a claim for relief.

    A. Place of Present Confinement: **Riverbend Correctional Facility**

    B. Is there a prisoner grievance procedure in this institution?

        Yes (✓)    No ( )

    C. Did you present the facts relating to your complaint under the institution's grievance procedure?

        Yes (✓)    No ( )

    D. If your answer is YES:
        1. What steps did you take and what were the results?
        I wrote a grievance to the prison "R.C.F." and told them that I got a "Non-Computed Sentence" because my case was overturned by the "Court of Appeals" and I am falsely imprisoned with a "Vacated Judgment." The Warden reviewed the "Sentence Computation" report, and said he will get it updated. So I appealed with this.

        2. If your answer is NO, explain why not: _____
        _____
        _____

Rev 12/5/07

**III.   Parties**

(In item A below, place your name in the first blank and place your present address in the second blank.)

A.   Name of Plaintiff: Bill Williams, GDC#1259970

Address(es): Riverbend Correctional Facility; 196 Laying Farm Rd; Milledgeville, Ga. 31061

(In item B below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Do the same for each additional defendant, if any.)

B.   Defendant(s): Gregg Dozier; Fredrick Head; George Zoley; Neil Warren; Mike Boyce.

Employed as Commissioner of Department of Corrections of Georgia; Warden or Acting Warden; CEO of GEO; Lead Sheriff of Cobb County Jail; County Commissioner of Cobb County

at #2 Martin Luther King Jr. Dr. S.E. East Tower, STE. 756, Atlanta, Ga. 30334; 196 Laying Farm Rd; Riverbend Correctional Facility; Milledgeville, Ga. 31061; 621 N.W. 53rd Suite 700, Boca Raton, Fl. 33487.

**IV.   Statement of Claim**

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

On October 8, 2007 Plaintiff entered a Non-Negotiated guilty plea to (2) Armed Robberies in the Superior Court of Cobb County, and recieved a sentence of life imprisonment on each count, to serve concurrently with each other. On October 17, 2007 the plaintiff wrote a letter to the Superior Court Judge Mary Staley-Clark seeking to withdraw his guilty plea. On October 23, 2007 Plaintiff then submitted a "Motion to Withdraw" his guilty plea. The trial court failed to rule on the letter and documents until February 18, 2008 whereupon denied plaintiff's request to withdraw his guilty plea.

Fifteen months later the plaintiff filed a motion to vacate a null and void conviction and sentence. Said motion was denied on April 6, 2009. Plaintiff initially appealed on January 1, 2010, said appeal was denied on February 10, 2010, on grounds that it was untim-

IV.   Statement of Claim (Cont'd)

ely filed. Plaintiff then filed an Application for Writ habeas Corpus. Wherein he raised the issue's of Ineffective Assistance of Counsel, 1. Counsel failed to provide full discovery, #2. Chain of custody was broken, #3 failed to use affidavit that said "I wasn't involved in any robberies", #4 failed to obtain videotape from Walmart, #5 Judicial Misconduct was coerced to take the plea.

The Habeas Court denied plaintiff's application on June 26, 2013. On July 11, 2013 plaintiff submitted to the Supreme Court of Georgia an Application for Certificate of Probable Cause seeking to appeal the habeas courts denial of his habeas petition. Said application was denied on July 6, 2014. Plaintiff subsequently filed a "Motion for Out-of-Time" Appeal in the trial on August 3, 2015 seeking to challenge the validity of the original guilty plea. On August 21, 2015 trial court denied the "Motion for Out-of-Time" appeal.

Plaintiff then appeals to the Georgia Court of Appeals. On October 28, 2016 the Georgia Court of Appeals "Vacated the trial courts judgment and gave Remand with instructions": "If on remand the [superior] court finds Notice was not given, then the [superior] court must... set aside the [denial of Williams motion to withdraw his guilty plea], reenter the ... judgment, and allow the losing party 30 days from the re-entry date to seek appellate review. If the superior court finds that Notice was given, then the "Motion to set aside should be denied".

Before plaintiff arrived at Cobb County it was understood the "guilty plea" was vacated Giving Cobb County permission to "Re-Indictment" or "Re-Convict" plaintiff, with the two cases opened "Pending Charges". Upon plaintiff arrival at Cobb County jail he was served a "production Order" procured by Maurice Brown, the Cobb County Assistant District Attorney demanding appearance of the plaintiff at Cobb County Superior Court to answer to "Pending Charges" of Armed Robbery & Aggravated Assault (the same charges plaintiff was convicted for & overturned by the Georgia Court of Appeals). On February 6, 2017 Plaintiff had a hearing to see if "Notice was given" and the District Attorney of Cobb County Patricia Hull hereinafter referred to as Cobb County "D.A." told Judge Mary Staley-Clark, I was not given "Notice" of the order being entered of his "Motion to Withdraw Guilty Plea". The Cobb County D.A. explained to the court that the normal routine of Deputy Sheriff John Doe (Forester) was to dispose of all undelivered mail ("We don't forward mail")—

V.   Relief

State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.

Judgment against defendants Gregg Dozier, Fredrick Head, George Zoley, Neil Warren Mike Boyce, awarding plaintiff "compensatory damages", individually and severally, in the amount of Three Thousand, Five hundred dollars ($3500.00) per day for everyday plaintiff has suffered illegal confinement, & everyday continues to suffer, the actual injury of illegal confinement. — "Compensatory Damages"

Judgment against defendants Gregg Dozier, Fredrick Head, George Zoley, Neil Warren, Mike Boyce, awarding plaintiff "punitive damages" individually and severally, in the amount of Ten Million dollars ($10,000,000.00) — "Punitive Damages"

Judgment awarding reasonable attorney's fees, filing fees, court costs, and costs incurred by and through the prosecution of this case.

Judgment awarding plaintiff such other and further relief as the Court may deem —

**V.  Relief (Cont'd)**
just and proper.

Signed this **29** day of **November**, 20 **18**.

_Bill Will_
Signature of Plaintiff

STATE OF **Georgia**
COUNTY (CITY) OF **Baldwin**

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED ON **11-29-18**
(Date)

_Bill Will_
Signature of Plaintiff

Rev. 12/5/07

III. Parties Continued....

B. at 1825 County Services Pkwy, Marietta, Ga. 30060; 100 Cherokee Street, Marietta, Ga. 30090.

1.) Upon information and belief, at all times relevant to this action, Commissioner Gregg Dozier (hereinafter refered to as "defendant Dozier") is the Commissioner for the Georgia Department of Corrections. His service address is: #2 Martin Luther King Jr. Dr. S.E, East Tower, STE. 756 Atlanta, Ga. 30334.

At all times named, mentioned and/or refered to in this action, defendant Dozier acted under the cloak of his office, to willingly, knowingly and deliberately deprive plaintiff or rights, privileges and immunities secured to plaintiff under the Constitution of the United States, with the specific purpose of causing plaintiff to suffer actual and permanent injury of illegal incarceration. Defendant Dozier is sued in his individual and official capacities.

2.) Upon information and belief, at all times relevant to this action, Warden Fredrick Head (hereinafter refered to as "defendant Head") is/was the Warden to GEO "Riverbend Correctional Facility". His service address is: Riverbend Correctional Facility, 196 Laying Farm Rd. Milledgeville, Ga. 31061.

At all times named, mentioned and/or refered to in in this action, defendant Head acted, under the cloak of his office to willingly, knowingly and deliberately deprive plaintiff or rights, privileges and immunities secured to plaintiff under the Constitution of the United States, with the specific purpose of causing plaintiff to suffer actual and permanent injury of illegal incarceration. Defendant Head is sued in his individual and official capacities.

3.) Upon information and belief, at all time relevant to this action, CEO George Zoley (hereinafter refered to as "defendant Zoley") is the CEO of GEO prison named "Riverbend Correctional Facility. His service address is: 621 N.W. 53rd, Suite 700 Boca Raton, Fl. 33484.

At all times named, mentioned and/or refered to in this action, defendant Zoley acted under the cloak of his office, to willingly, knowingly and deliberately deprive Plaintiff or rights, privileges and immunities secured to plaintiff under the Constitution of the United States, with the specific purpose of causing plaintiff to suffer actual and permanent injury of illegal incarceration. Defendant Zoley is sued in his individual and official capacities.

4.) Upon information and belief, at all times relevant to this action, Sheriff Neil Warren (hereinafter refered to as "defendant Warren") is the Head Sheriff of the Cobb County Jail. His service address: 1825 County Services Pkwy, Marietta, Ga. 30060.

At all times named, mentioned and/or refered to in this action, defendant Warren acted under the cloak of his office, to willingly, knowingly and deliberately deprive plaintiff or rights, privileges and immunities secured to plaintiff to suffer actual and permanent injury of illegal incarceration. Defendant Warren is sued in his individual and official capacities.

5.) Upon information and belief at all times relevant to this action, County Commissioner Mike Boyce (hereinafter refered to as "defendant Boyce") is the County Commissioner of Cobb County. His service address is: 100 Cherokee St., Marietta, Ga. 30090.

At all times named, mentioned and/or refered to in this action, defendant Boyce acted under the cloak of his office, to willingly, knowingly and deliberately deprive plaintiff or rights, privileges and immunities secured to plaintiff under the Constitution of the United States, with the specific purpose of causing plaintiff to suffer actual and permanent injury of illegal incarceration. Defendant Boyce is sued in his individual and official capacities.

## IV. Statement of Claim (cont'd)

She also explained if plaintiff wanted a "New trial" Plaintiff would have to be granted one. Without answering to the pending charges of the Production Order stated, Judge Mary Staley-Clark continued the case until counsel was not appointed. On February 27, 2017 the Cobb County D.A. whole office "recused" themselves from due to the Head D.A. being representing counsel of plaintiff's attorney for formal co-defendant's. On August 4, 2017 plaintiff goes to court. Plaintiff's attorney informs the judge (Mary Staley-Clark) "My client has a NON-computed sentence" and then inquires "why does my client keep going back and forth to prison without a sentence." The Judge responded that, "that has nothing to do with her but the Georgia Department of Corrections". Plaintiff's attorney informed plaintiff, that plaintiff is "falsely imprisoned."

On February 27, 2018 Plaintiff wrote the "Clerk of Court" for the "Georgia Court of Appeals" requesting final disposition pertaining to Bill Williams v. The State, A16A0812 (about his conviction). On or about March 9, 2018 plaintiff recieved a "Return Notice" stating "Your appeal was disposed by Opinion (Order) on October 23, 2016. Attached is a copy of the opinion issued. We, you may send to Georgia Department of Corrections as needed. On March 29, 2018 plaintiff wrote defendant Gregg Dozier, informed him "plaintiff has been falsely imprisoned and to either release plaintiff or send him back to court for a new trial." Plaintiff put in envelope all relevant material pertaining to his conviction being overturned by the Georgia Court of Appeals. Also in November plaintiff wrote grievance to the institution of which he is incarcerated, illegally (Riverbend Correctional Facility), and stated he got a vacated judgment and is illegally detained, that Fredrick Head knew about, as well as George Zoley with plaintiff appealing to the Warden (Fredrik Head) to address this to the CEO of the private prison, the "grievance coordinator Shirley Smith" was aware of this.

Despite having knowledge that plaintiff was being illegally incarcerated, and with a specific intent and purpose of depriving plaintiff's right to equal application and protection of the law, and despite having the power and legal duty to prevent the same, defendant Dozier willfully, knowingly, and deliberately neglected or refused to do so. Defendant Dozier allowed such unlawful acts to be done with deliberate intent to cause plaintiff to suffer the actual and permanent injury of his illegal incarceration.

On October 6, 2017 Plaintiff wrote a "Confidential Inmate Grievance" complaining to Defendant Head about plaintiff's illegal incarceration. Attached to said grievance was copy of "case history" (Docket Status sentence Not computed); Georgia Court of Appeals opinion overturning plaintiff's case; Gave copy of Production Order issued by Judge Mary Staley-Clark, Superior Court Cobb Judicial Circuit. On November 3, 2017 plaintiff got a response from Head he will check the sentence computation sheet, and get it updated (initiate an investigation into plaintiff's claims).

On November 11, 2017 plaintiff appealed Warden's response to the Georgia Department of Corrections and defendant Zoley on grounds of being illegally incarcerated.

Despite having knowledge that plaintiff was being illegally incarcerated, and with a specific intent and purpose of depriving plaintiff's right to equal application and protection of the law, and despite having the power and legal duty to prevent the same, defendant Head willfully, knowingly, and deliberately neglected or refused to do so. Defendant Head allowed such unlawful acts to be done with deliberate intent to cause plaintiff to suffer the actual and permanent injury of his illegal incarceration.

On November 11, 2017 Plaintiff appealed Warden's response to Defendant Zoley on grounds of being illegally incarcerated. Provided him with a copy of "case history" (Docket Status sentence not computed); Georgia Court of Appeals opinion overturned plaintiff's conviction/case; Gave copy of Production Order issued by Judge Mary Staley-Clark, Superior Court Cobb Judicial Circuit.

Despite having knowledge that plaintiff was being illegally incarcerated, and with a specific intent and purpose of depriving plaintiff's right to equal application and protection of the law, and despite having the power and legal duty to prevent the same, defendant Zoley willfully, knowingly, and deliberately neglected or refused to do so. Defendant Zoley allowed such unlawful acts to be done with deliberate intent to cause plaintiff to suffer the actual and permanent injury of his illegal incarceration.

On October 30, 2007 Plaintiff got shipped off to the "Diagnostic Center", and did not receive "Notice" for his timely appeal, that Sheriff John Doe was supposed to foward to him. Sheriff John Doe is responsible for the policy of sending inmates their mail once it comes via interoffice. Sheriff John Doe denied plaintiff the right for timely appeal, if only the Sheriff John Doe forwarded mail to the plaintiff. Defendant Sheriff John Doe violated constitutional right to petition the Court for redress. On February 6, 2017 (Transcripts pg. 7 line 1-18) shows this statement to be correct, by the District Attorney of Cobb County Patricia Hull stating this to be true. Sheriff violated Plaintiffs access to the courts that all non-delivered mail including legal mail be destroyed rather than fowarded to the inmates.

With a specific intent and purpose of depriving plaintiff's right to equal application and protection of the law, and despite having the power and legal duty to prevent the same, defendant Sheriff John Doe willfully, knowingly, and deliberately neglected or refused to do so. Defendant Sheriff John Doe allowed such unlawful acts to be done with deliberate intent to cause plaintiff to suffer the actual and permanent injury by denying me access to a timely appeal to suffer illegal incarceration.

## IV. Statement of Claim (Cont'd)

On February 6, 2017 the District Attorney Patricia Hull spoke (on Transcripts pg. 7 line 1-18) that the Sheriff John Doe (Sergeant Forester) does not foward mail even though its legal mail that is not the policy for Cobb County Jail, that the County Commissioner is responsible for making policy. The County Commissioner is responsible for training Sheriffs, Deputies, Sergeants, etc... to foward legal mail to ensure "Due Process" that is a Constitutional right by United States Federal, and Georgia State law. The County Commissioner acting now is Mike Boyce; who failed to supervise, train, or monitor the Sheriff and/or his policies to ensure the rights of the plaintiff were not violated. Deliberately violated Plaintiff access to the courts by instituting a policy that all non-delivered mail including legal mail be destroyed rather than foward to the inmate.

With a specific intent and purpose of depriving plaintiffs right to equal application and protection of the law, and despite having the power and legal duty to prevent the same defendant Mike Boyce willfully, knowingly, and deliberately violated my access to the courts by instituting a policy that all non-delivered mail, including legal mail be destroyed rather than fowarded to the plaintiff, neglected or refused to do so. Defendant Mike Boyce allowed such unlawful acts to be done with deliberate intent to cause plaintiff to suffer the actual and permanent injury by denying plaintiff access to the courts by instituting a policy that all mail including legal be destroyed rather than be fowarded to the plaintiff to suffer illegal incarceration.